# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Transdev Services Inc. )<br>720 E. Butterfield Road )<br>Suite 300 )<br>Lombard, Illinois 60148 )<br>          )<br>     Plaintiff. )<br>          )          Case No:<br>v.       )          Judge:<br>          )          Magistrate:<br>ACO/DSC Inc. )<br>3211 South Cherokee Lane )<br>Suite 640 )<br>Woodstock, Georgia 30188 )<br>          )<br>John McCrary )<br>Registered Agent )<br>3211 South Cherokee Lane )<br>Suite 640 )<br>Woodstock, Georgia 30188 )<br>          )<br>          )<br>     Defendants. ) | |

## PLAINTIFF'S COMPLAINT

For its Complaint against Defendants ACO/DCS Inc. and John McCrary ("Defendants"), Plaintiff Transdev Services Inc. ("Plaintiff") states as follows:

153920v1

## Parties

1.  Plaintiff Transdev Services Inc. ("Transdev") is a Maryland corporation with its principal place of business at 720 E. Butterfield Road, Suite 300, Lombard, Illinois 60148.

2.  Defendant ACO/DSC Inc. ("DCS") is a Georgia corporation with a principal place of business at 3211 South Cherokee Lane, Suite 640, Woodstock, Georgia 30188.

3.  Upon information and belief, Defendant John McCrary ("McCrary") is a natural person domiciled and residing in Georgia and is listed as the CEO and registered agent of ACO/DCS.

## Jurisdiction and Venue

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that complete diversity exists among the parties and the amount in controversy exceeds $75,000.00.

5.  Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b), because Defendants reside and do business in the Northern District of Georgia and a substantial part of the events and omissions giving rise to the claims occurred in the Northern District of Georgia.

## Facts

6.     On January 14, 2015, DCS Retirement Group, now DCS, entered into a contract with Veolia Transportation Systems, now Transdev. In that agreement, DCS agreed to provide consulting and annual and administrative services for Transdev's Greensboro employees' retirement plans. On January 14, 2015, ERISA 3(16) Participant Services, Inc., now DCS, entered into a contract with Veolia Transportation Services, now Transdev. In that agreement, DCS agreed to provide fiduciary services for Transdev's Greensboro employees' retirement 401(k) and pension plans. Transdev and DCS also entered into an agreement that DCS would serve as fiduciary of the Greensboro Employee pension plan. Collectively, these agreements will be referred to as "the Agreements."

7.     On July 26, 2017, Melissa Foley, Manager of Retirement Plans for Transdev, asked John McCrary, CEO of DCS, to provide an analysis of the five (5) year funding requirements and projection of expected costs for the Greensboro employee retirement plans ("the projections"). Transdev needed the projections to submit a bid for the Greensboro Transit Authority project.

8.     McCrary and other DCS representatives repeatedly promised DCS that the projections would be provided. DCS relied on this promise to their detriment.

9. Transdev is entitled to the analysis of the five (5) year funding requirements and projection of expected costs for the Greensboro employee retirement plans, under the aforementioned agreements.

10. Between July 28, 2017 and August 4, 2017, Foley sent five (5) emails requesting the projections. Foley emailed McCrary on July 26, August 1, August 2, and August 3 requesting the projections and noting the urgency of the request. Foley also left a voicemail for McCrary on August 3. On August 4, 2017, Foley emailed Panrong Xiao, an employee at DCS, requesting his assistance with the "urgent situation" and requesting the projections.

11. On August 7, 2017, Xiao responded to Foley, promising that McCrary would send Transdev the projections by end of day. The projections were not sent.

12. On August 10 and August 11, 2017, Foley sent two follow-up emails to Xaio and McCrary asking for the projections. The emails again noted the urgency of the request.

13. On August 15, 2017, Xiao responded to Foley, again promising that Transdev would have the projections by end of day. The projections were not sent.

14. On August 17, 2016, Foley sent an email to McCrary and Xiao again requesting the projections.

15. On August 25 and August 29, 2017, Foley requested the projections from McCrary and Xiao again and reminded them the need for the projections was critical.

16. On August 30, 2017, Marcie Meyer, the Director of Benefits at Transdev, sent McCrary an email requesting the projections.

17. On August 30, 2017, McCrary responded to Meyer claiming the projections had been sent out the projections via email on August 22, 2017. The projections were never received.

18. On August 30, 2017, Meyer requested the projections be re-sent.

19. On August 31 and September 5, 2017, Meyer emailed McCrary again to request the projections be sent to Transdev.

20. On September 5, 2017, Ed Overn, the Southeast Regional Vice President at Transdev, emailed McCrary and Xiao asking why the projections had still not been received.

21. On September 12, 2017, Meyer again requested the projections from McCrary and Xiao and reminded them that Transdev's need for the projections was "critical".

22. On September 20, 2017, Tom Harris, Transdev's General Counsel, requested DCS send Transdev the projections or for DCS to provide a reason why they were unavailable.

23. On September 20, 2017, McCrary responded to Harris and promised the projections would be sent out the next day. The projections were not sent.

24. On October 9, 2017, Harris again requested the projections from McCrary or for McCrary to provide a reason explaining why the projections were still unavailable.

25. On October 10, 2017, McCrary responded the projections would be sent as soon as possible. The projections were not sent.

26. On October 24, 2017, Anita Skotnicki, the EVP of Transdev, spoke with McCrary via telephone, and McCrary assured Skotnicki that the projections were completed and would be sent to Transdev immediately.

27. On October 25, 2017, McCrary sent an email to Skotnicki assuring her the actuarial projections were ready but needed to be reviewed and would be forwarded later that day.

28. On October 25 and 26, 2017, Skotnicki once again asked McCrary for a copy of the projections. Skotnicki once again informed McCrary that the Transdev has a "critical need" for the projections.

29. On October 31, 2017, McCrary again promised to send the projections by end of day. The projections were not sent.

30. To date, Transdev has still not received the projections.

31. Despite the Plaintiff's many requests to be provided with the projections, Defendants have failed to produce the projections or a viable reason for why they have not complied with the aforementioned agreements, contractual obligations and promises.

## **Count I – Breach of Contract**

32. Transdev hereby incorporates Paragraphs 1 through 31 of the Complaint as if the same were fully set forth herein.

33. Parties entered into valid and enforceable Agreements for DCS and its related entities to provide consulting and annual and administrative services and serve as fiduciaries for the Greensboro employee retirement plans.

34. Plaintiff has made repeated attempts to secure the necessary projections from the Defendants. Plaintiff is entitled to these documents under the Agreements.

35. Defendants repeatedly promised to comply with the agreements to provide the projections.

36. Plaintiff fully performed its obligations owed to Defendants under the Agreements.

37. Defendants have breached the Agreements by purposefully delaying and failing to supply Plaintiffs with the projections, despite knowing the Plaintiff had critical need for the projections.

38. As a direct and proximate result of this breach Plaintiff has suffered and will suffer an amount to be proved at trial, but believed to be in excess of $75,000.

## COUNT II - BREACH OF FIDUCIARY DUTY

39. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-38 in this Complaint as if fully set forth herein.

40. At all times relevant to this matter, Defendants held themselves out as a skilled administrators and fiduciaries who had expertise in determining the appropriate actions for managing the plans under ERISA.

41. As a co-fiduciary to Plaintiff, Defendants owed a fiduciary duty to the Plaintiff. Defendant's fiduciary duty obligated it to maintain records under the plan, to monitor the plan and be responsive in plan management, to provide Plaintiff with the documents necessary to run their business, and to act in the best interests of the plan.

42. The Defendant's breached their fiduciary duty by gross indifference and failure to comply with their recordkeeping and plan management duties to the Plaintiff and as required by ERISA. As a co-fiduciary, Plaintiff has the obligation, under ERISA, to monitor and act in the best interest of the plan, which the Plaintiff has been unable to do as a result of the Defendants failures.

43. As a direct and proximate result of Defendant's breaches of fiduciary duties, Plaintiff has and will sustain significant losses, the precise amount to be determined at trial, but believed to be in excess of $75,000.

## **COUNT III – PROMISSORY ESTOPPEL**

44. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1-43 in this Complaint as if fully set forth herein.

45. As a result of Defendants' conduct and representations as described above, Defendants are estopped from denying that they were not required to provide the requested projections.

46. Defendants have failed to provide the necessary projections to the Plaintiff despite their continued promises that they would be provided, Plaintiff relied on these express and implied representations and promises to its detriment.

47. As a direct and proximate result, Defendants have caused damage to the Plaintiff in an amount to be determined at trial, but believed to be in excess of $75,000.

WHEREFORE, Transdev prays for relief against Defendants as follows:

1. A Judgment against the Defendants for breach of contract for an amount to be proven at trial in excess of $75,000;

2. A Judgment against the Defendants for breach of fiduciary duty for an amount to be proven at trial in excess of $75,000;

3. A Judgment against the Defendants for promissory estoppel for an amount to be proven at trial in excess of $75,000;

4. Injunctive relief directing the Defendants to produce all the data described in the Agreements to the Plaintiff;

5. Attorneys' fees, costs and expenses; and

6. Any such other relief, including injunctive and equitable relief, to which the Court deems Transdev is entitled.

Respectfully submitted,

/s/  Anthony Bonner
Georgia Bar No. 141525
Anthony Bonner
Dinsmore & Shohl LLP
Lexington Financial Center
250 West Main Street
Suite 1400
Lexington, KY 40507
(859) 425-1065
(859) 425-1099 FAX
Email: tony.bonner@dinsmore.com

*Counsel for Plaintiff,
Transdev Services Inc.*

**Of Counsel**
Michael W. Hawkins, Esq.
Hayley L. Geiler, Esq.
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
T: (513) 977-8200 / F: (513) 977-8141
E: michael.hawkins@dinsmore.com
   Hayley.geiler@dinsmore.com